## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CARL GRIGEL,<br>        Appellant, | DOCKET NUMBER<br>DE-0351-16-0401-I-1 |
|     v. | |
| UNITED STATES POSTAL SERVICE,<br>        Agency. | DATE: July 5, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Carl Grigel, Vail, Arizona, pro se.

Michael R. Tita, Esquire, Sandy, Utah, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his alleged involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113.

## BACKGROUND

¶2    The appellant was an EAS-26 Postmaster with the agency. The agency issued him an initial notice (General Notice) that it was contemplating a reduction in force (RIF) in his competitive area, effective October 16, 2015. Initial Appeal File (IAF), Tab 11 at 5-6. The agency issued a subsequent notice (Specific Notice) informing the appellant that he would be released from his position, effective November 14, 2015. IAF, Tab 14 at 16. The Specific Notice also offered him an option of demotion to an EAS-21 position in lieu of termination. *Id.* Three weeks after receiving the Specific Notice, the appellant applied for retirement effective December 31, 2015. *Id.* at 18-23, 27, 33. Thereafter, he filed a timely appeal to the Board asserting that: (1) the agency's decision to eliminate his position and demote him was based on his age; (2) the agency misled him by extending the effective date of the RIF; (3) the proposed RIF demotion caused him stress, which exacerbated his preexisting medical condition; and (4) his worsening health necessitated his retirement, which he characterized as involuntary. IAF, Tab 1 at 5-6, 8, Tabs 8-10.

¶3 Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 1 at 2, Tab 18, Initial Decision (ID) at 1.  He reasoned that the Board lacked jurisdiction over RIF appeals filed by nonpreference-eligible U.S. Postal Service employees like the appellant.  ID at 3-4; IAF, Tab 1 at 1.  The administrative judge also found that the appellant's decision to retire was voluntary regardless of the difference between the General and Specific Notices as to the effective date of the RIF demotion.  ID at 4-6.  Finally, the administrative judge concluded that the appellant's worsening medical condition, even if caused by his stress over the RIF process or the prospect of demotion, did not render his retirement involuntary.  *Id.*

¶4 The appellant has timely petitioned for review.  Petition for Review (PFR) File, Tab 1.  He argues that the lack of veterans' preference should be irrelevant to the issue of the Board's jurisdiction if the agency improperly conducts a RIF. *Id.* at 3.  The appellant also reiterates his position that his retirement should be deemed involuntary because the stress caused by the RIF process and the prospect of demotion worsened his preexisting medical condition.  *Id.*  In addition, he asserts that:  (1) the agency did not respond to his discovery request; and (2) the administrative judge erred in construing his age discrimination allegation as a mere aspect of his RIF challenges rather than as an independent claim.  *Id.* at 3-4. The agency has responded to the petition, and the appellant has replied.  PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 The Board lacks jurisdiction over RIF appeals of nonpreference-eligible employees in the U.S. Postal Service.  *Raymond v. U.S. Postal Service*, 45 M.S.P.R. 16, 18-19 (1990).  Therefore, the administrative judge correctly found that the Board lacks jurisdiction to consider any of the appellant's RIF challenges.

¶6        The administrative judge also was correct in finding that the appellant failed to nonfrivolously allege Board jurisdiction over his alleged involuntary retirement claim.  An employee-initiated action, such as a retirement, is presumed to be voluntary and, thus, outside the Board's jurisdiction.  *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007).   However, an involuntary retirement is tantamount to a removal and is, therefore, subject to the Board's jurisdiction.  *Id.*  To overcome the presumption that a retirement is voluntary, an employee must show that the retirement resulted from the agency's misinformation, deception, or coercion.  *Id.*, ¶ 19.   The touchstone of the voluntariness analysis is whether, under the totality of the circumstances, a reasonable person in the employee's position would have felt deprived of freedom of choice in his decision-making process.  *Id.,* ¶¶ 19-20.

¶7        To establish involuntariness on the basis of a misrepresentation, an employee must show that the agency made misleading statements, and he relied on the misinformation to his detriment.  *Salazar v. Department of the Army*, 115 M.S.P.R. 296, ¶¶ 9-12 (2010).  To establish involuntariness on the basis of coercion, the employee must show that the retirement was a result of improper acts by the agency, the agency effectively imposed the terms of the retirement, and he had no realistic alternative but to retire.  *See Vitale*, 107 M.S.P.R. 501, ¶ 19.  For instance, a retirement may be viewed as coerced if the agency demands a decision on the spot from the employee about whether he will or will not retire.  *Compare Glenn v. U.S. Soldier's and Airmen's Home*, 76 M.S.P.R. 572, 578-79 (1997) (finding that the appellant who was faced with the choice of retirement or immediate resignation, raised a nonfrivolous allegation of coercion), *with Staats v. U.S. Postal Service*, 99 F.3d 1120, 1126 (Fed. Cir. 1996) (determining that 2 weeks or longer to decide whether to retire is sufficiently long to render the choice voluntary).  The Board considers allegations of discrimination and reprisal in connection with an alleged involuntary retirement only insofar as those allegations relate to the issue of voluntariness.  *Vitale*, 107 M.S.P.R. 501, ¶ 20.

¶8        On review, the appellant does not dispute the administrative judge's finding that he had an ample period of 3 weeks to consider his options prior to making his decision to retire, and we discern no basis to disturb that finding.  ID at 2.  Nor does the appellant explain how the administrative judge erred in concluding that the 1-month extension in the effective date of the RIF demotion favored the appellant, given that he was provided with more, not less, time to weigh his options.  ID at 5.  Moreover, nothing in the appellant's petition for review indicates that the agency misled him about his rights, or that he relied on any agency statement to his detriment.

¶9        The appellant maintains that he was displeased with the prospect of a demotion and elected to retire because the stress he was experiencing exacerbated his preexisting medical condition.  PFR File, Tab 1 at 3.  Such allegations, however, are insufficient to render his decision to retire involuntary.  *See Vitale*, 107 M.S.P.R. 501, ¶¶ 23, 26 (observing that the alleged worsening of the appellant's medical condition by the apprehension caused by the agency's actions was insufficient to render his decision to retire involuntary).  Thus, we find that the administrative judge correctly found that the Board lacked jurisdiction over the appellant's retirement claim.

¶10        Finally, the appellant alleges that his selection for a RIF demotion was based on his age.  PFR File, Tab 1; IAF, Tab 10 at 3.  He does not explain, however, how this alleged discrimination rendered his working conditions so deficient or unpleasant that he was compelled to retire.  *See Vitale*, 107 M.S.P.R. 501, ¶ 20.  Because we lack jurisdiction over the appellant's RIF demotion and alleged involuntary retirement claims, we cannot adjudicate his age discrimination claim.  *See McDonald v. Department of Veterans Affairs*, 86 M.S.P.R. 539, ¶ 15 (2000) (finding that the Board could not hear a discrimination claim because it lacked jurisdiction over the appellant's RIF appeal); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (pointing out

that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction),[2] *aff'd*, 681 F.2d 867 (D.C. Cir. 1982).

¶11 Accordingly, we discern no basis to disturb the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[2] To the extent the administrative judge erred in not addressing the appellant's discovery request, PFR File, Tab 1 at 4, that oversight was harmless because the Board lacks jurisdiction over the age discrimination allegation at the heart of his discovery request, *cf. Davis v. Department of Defense*, 103 M.S.P.R. 516, ¶ 13 (2006) (concluding, in pertinent part, that the appellant was not prejudiced by a lack of discovery because he did not seek information relevant to the dispositive jurisdictional finding).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. [5 U.S.C. § 7703](b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  [5 U.S.C. § 7703](b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , [137 S. Ct. 1975](2017).  If you have a

representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.